IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

TY CLEVENGER,

    Plaintiff,

vs.

GREGORY P. DRESSER, STACIA L. JOHNS, KIMBERLY G. KASRELIOVICH and THE STATE BAR OF CALIFORNIA

    Defendants

Case No. 3:17-cv-2798

## ORIGINAL COMPLAINT

NOW COMES Ty Clevenger, the Plaintiff, alleging as follows on information and belief:

**Introduction**

1. The Plaintiff is a blogger and an inactive member of the State Bar of California Beginning on May 9, 2016, the Plaintiff blogged about a state bar prosecutor, Cydney Batchelor, who withheld exculpatory evidence in a state bar proceeding. *See* "State bar prosecutor who investigated prosecutorial misconduct is accused of prosecutorial misconduct," http://lawflog.com/?p=1185 . According to a witness, Ms. Batchelor contacted him and he provided exculpatory evidence, but she repeatedly told him that she was not going to document their conversation and he "should forget the phone call ever happened." *Id*. Sure enough, Ms. Batchelor never disclosed the information to the respondent whom she was prosecuting, and the witness (an Alabama attorney) was so troubled by his conversation with Ms. Batchelor that he contacted the respondent directly. When confronted with this, Ms. Batchelor did not deny her conversation with the exculpatory witness, nor did she deny that she told him that he "should forget the phone call ever happened." Likewise, she could not deny the fact that she withheld the exculpatory evidence.

2. Ironically, Ms. Batchelor had made a name for herself by prosecuting district attorneys and their deputies for withholding exculpatory evidence, *see* Diane Curtis, "Bar responds to Innocence Project report," *California Bar Journal*, November 2010, http://www.calbarjournal.com/November2010/TopHeadlines/TH5.aspx, and the Plaintiff noted that irony on his blog. See http://lawflog.com/?p=1185. The Plaintiff further noted that Ms. Batchelor appeared to have committed a crime under California law, *see* http://lawflog.com/?p=1221, and the Plaintiff filed a grievance against her and requested appointment of special counsel.  Rather than refer the grievance to an outside prosecutor, however, the California Bar whitewashed the incident and dismissed the grievance without an investigation.

3. The Plaintiff publicly criticized the cover-up in a June 14, 2016 blog post, *see* "California Bar blocks investigation of internal misconduct," http://lawflog.com/?p=1228, and he emailed that blog post to the officers and directors of the California Bar with the following comment: "I'm wondering how long you guys think you can keep sweeping this under the rug." The California Bar retaliated on April 5, 2017, when it notified the Plaintiff that it intended to seek his disbarment for incidents that the Bar had known about for more than four years, even though (1) the Plaintiff has not practiced in California nor been an active member for years, and (2) the jurisdictions where the Plaintiff actually practices did not seek disbarment for those incidents.

4. The California Bar has been mired in corruption and scandal for years, and it is financially insolvent. *See, e.g.*, Michael Hiltzik, "The California State Bar's dismal history shows why it should be broken up," *Los Angeles Times*, June 14, 2016 http://www.latimes.com/business/hiltzik/la-fi-hiltzik-calbar-20160619-snap-story.html and Matt Hamilton, "Audit rips California's state bar for shady finances and bloated salaries,"  *Los Angeles Times*, May 13, 2016 http://www.latimes.com/local/lanow/la-me-ln-state-bar-audit-20160513-snap-story.html.  The Plaintiff is reliably informed that the California Bar has

hundreds of millions of dollars worth of unfunded pension liabilities, and the Plaintiff will show that the bar uses disciplinary proceedings as a means of generating money to fund itself and to fund the California State Bar Courts.[1]  In particular, the Plaitiff will show that the California Bar uses its "court" system to levy fines, damages, and attorney fees for the purpose of funding itself and its employees. Accordingly, both the prosecutors and the judges have a strong financial incentive to seek and impose discipline against attorneys, regardless of the merits.

5.  As explained below, the California Bar's proposed charges against the Plaintiff arise entirely from the results of the disciplinary proceedings in Texas and D.C., and the Texas and D.C. cases resulted from the same underlying facts. Texas only reprimanded the Plaintiff, but that apparently was not good enough for the D.C. court, which ultimately suspended the Plaintiff. Now California wants to take things yet another step further and disbar the Plaintiff, even though the Plaintiff is not alleged to have committed any new misconduct since the Texas disciplinary case was filed in early 2013. The California Bar cannot identify another case in which it sought to disbar an inactive member on the basis of lesser punishments imposed by other jurisdictions where the attorney actually practiced (and where the alleged misconduct actually occurred).

6.  The Plaintiff asks the Court to temporarily restrain and preliminarily enjoin the California Bar from retaliating against him.

**Venue and Jurisdiction**

7.  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the Plaintiff brings claims under 42 U.S.C. § 1983.  Venue is proper in the San Francisco Division of the Northern District of California because the Defendant State Bar of California is headquartered there, and because Defendant Gregory P. Dresser works in that office. Furthermore, this case is closely related to the matters pending before the Court in *Wade Anthony Robertson v. Richard A. Honn, et al.*, Case No. 17-cv-01724 (N.D. Cal.).

---

[1] The Plaintiff incorporates by reference the pleadings and exhibits in *Wade Anthony Robertson v. Richard A. Honn, et al.*, Case No. 17-cv-01724 (N.D. Cal.), as if fully set forth herein.

## Parties

8. Plaintiff Ty Clevenger is the publisher of LawFlog.com, BoogerCountyMafia.com, and DirtyRottenJudges.com, and he is an inactive member of the State Bar of California. He is an active member of the State Bar of Texas, and all of his current cases are located in the state or federal courts of Texas or the U.S. Court of Appeals for the Fifth Circuit. The Plaintiff resides in Brooklyn, New York.

9. Defendant Gregory P. Dresser is the interim chief trial counsel of the State Bar of California. He is in charge of all disciplinary prosecutions for the California Bar.

10. Defendant Stacia L. Johns is a deputy trial counsel for the State Bar of California. She is assigned to prosecute the Plaintiff.

11. Defendant Kimberly G. Kasreliovich is a deputy trial counsel for the State Bar of California. She is assigned to prosecute the Plaintiff.

12. Defendant State Bar of California is a public corporation chartered by the State of California.

## Facts

13. In 2012, an attorney in Texas filed a bar grievance against the Plaintiff based on sanctions imposed on the Plaintiff by federal judges in Waco, Texas and Washington, D.C. In response, the Plaintiff *encouraged* the State Bar of Texas's Office of Chief Disciplinary Counsel to file charges against him so he could conduct discovery and expose the corruption and misconduct that led to the sanctions. On April 11, 2013, the Texas Bar filed formal charges. The federal judges in Texas and D.C. had accused the Plaintiff of filing frivolous lawsuits and multiplying proceedings, but those findings could be challenged before a jury under Texas law, *see Neely v. Comm'n for Lawyer Discipline*, 976 S.W.2d 824 (Tex.App. – Houston [1st Dist.] 1998, no pet.), so the Plaintiff demanded a jury trial and set about conducting discovery in the disciplinary case. *See* Declaration of Ty Clevenger (Exhibit 1).

14. The Plaintiff obtained evidence of gross misconduct by officers of the court in the D.C. proceedings (including *ex parte* communications with a presiding judge), and as a result Texas bar prosecutor Dirrell S. Jones dismissed all claims related to the D.C. proceedings. Mr. Jones further dismissed the allegations that the Plaintiff filed frivolous claims before U.S. District Judge Walter S. Smith, Jr. in Waco, because the Plaintiff obtained proof that two attorney defendants had, in fact, perpetrated a seven-figure real estate fraud just as the Plaintiff had alleged. Specifically, the Plaintiff obtained a transcript wherein one of the attorney defendants had implicated himself in the fraud, ergo the pleadings were not frivolous as Judge Smith had alleged.

15. The only remaining issue in the Texas Bar case was whether the Plaintiff multiplied proceedings before Judge Smith in *Erwin v. Russ*, Case No. 6:09-cv-00127 (W.D. Tex.)("*Erwin I*") and a related case in Houston (*Erwin II*). In early 2014, the Plaintiff and Mr. Jones agreed to mediation, and Mr. Jones informed the Plaintiff that he wanted to settle the case against the Plaintiff so he could pursue charges against the attorney defendants in *Erwin I* and *Erwin II*. *Id*. The Plaintiff did not admit any wrongdoing, but he nonetheless agreed to accept a reprimand for multiplying proceedings in *Erwin I* and *Erwin II*.

16. In September of 2014, the Plaintiff launched a website about misconduct in the federal cases in Waco, Texas and Washington, D.C. Patrick Kearney, one of the attorneys who tampered with evidence in the D.C. case (and communicated *ex parte* with the presiding judge), then filed a misconduct complaint against the Plaintiff with the U.S. District Court for the District of Columbia's Committee on Grievances, and Mr. Kearney referenced the Plaintiff's website in support of the complaint. Shortly thereafter, the Plaintiff filed a misconduct complaint against Mr. Kearney and his co-counsel for forgery, evidence tampering, subornation of perjury, and *ex parte* communications with the presiding judge. The Committee on Grievances did not

Case 3:17-cv-02798-WHA   Document 1   Filed 05/15/17   Page 6 of 9

investigate, and the grievances remain in limbo to this day. Conversely, the committee filed charges seeking the disbarment of the Plaintiff.

17. The Plaintiff alleged selective prosecution and First Amendment retaliation in the D.C. disciplinary proceeding, and he further pointed out that Texas had dismissed all charges related to the D.C. sanctions after the Plaintiff presented evidence of gross misconduct in those proceedings. The D.C. court nonetheless refused to permit discovery, refused to allow the Plaintiff to testify or call witnesses, and initially gave the Plaintiff only 30 minutes to present his entire case. The Plaintiff concluded that he could not get a fair trial in D.C., so he negotiated a 120-day suspension and a $5,000.00 fine, followed by his resignation from the D.C. district court bar. It is worth nothing again that all of the issues underlying the D.C. suspension had been considered and rejected by the State Bar of Texas after the Plaintiff proved that the D.C. proceedings were tainted.

18. In December of 2016, the Plaintiff notified all bars wherein he is admitted (including the California Bar) about the suspension in D.C. In his letters, the Plaintiff explained some of the irregularities in the D.C. proceedings, and he briefly described how he was denied a fair hearing in D.C. The U.S. District Court for the Southern District of Texas (where the Plaintiff actually practices) indicated that it would not reciprocate the D.C. suspension since the State Bar of Texas had already addressed the matter. The U.S. Court of Appeals for the Fifth Circuit (where the Plaintiff also practices) refused to reciprocate the suspension since it was less than a year. The U.S. Courts of Appeals for the Eighth and Tenth Circuits and the U.S. District Courts for the Eastern and Western Districts of Texas, the Western District of Tennessee, and the Northern District of California have taken no action in response to the D.C. suspension. After the California Bar notified the Plaintiff that it intended to seek his disbarment, the Plaintiff notified the bar that the jurisdictions where he is an *active* member (and actually practices law) have not reciprocated the D.C. discipline. *See* April 19, 2017 letter from Ty Clevenger to Judge Yvette

- 6 -

Roland (Exhibit 31) and April 21, 2017 letter from Ty Clevenger to Judge Yvette Roland (Exhibit 32) (both of which were copied to Ms. Johns). Yet the California Bar still wants its pound of flesh.

19. As set forth above, the Plaintiff blogged about corruption in the State Bar of California in 2016 after he obtained proof that prosecutor Cydney Batchelor withheld exculpatory evidence in a case that she was prosecuting. On April 5, 2017, Defendant Johns sent a notice of intent to file disciplinary charges the Plaintiff on the basis of the Texas and D.C. adjudications. The Plaintiff requested an "early neutral evaluation conference" pursuant to the rules of the State Bar of California, and the Plaintiff conferred with Defendant Johns and State Bar Judge Roland via telephone on April 24, 2017.

20. During that conference, the Plaintiff pointed out that the California Bar had known about the sanctions against the Plaintiff since 2013, the Texas bar had only reprimanded the Plaintiff, and the jurisdictions where the Plaintiff actually practiced were <u>not</u> reciprocating the D.C. suspension. Defendant Johns repeatedly said disbarment was necessary to "protect the public," notwithstanding the fact that the Plaintiff is an inactive member and has not practiced in California for more than a decade. The Plaintiff informed Defendant Johns that some of the allegations in her draft complaint were provably false, and that (1) the D.C. Grievance Committee had been forced to back down from the same allegations against the Plaintiff and (2) those allegations were not part of the D.C. court's findings. The latter is particularly significant because the entire California Bar case is predicated on the findings of the D.C. and Texas courts pursuant to CALIFORNIA BUSINESS & PROFESSIONS CODE §6049.1, but her draft pleadings do not match the findings of the D.C. court. Defendant Johns responded that she did not have access to the D.C. records because they were confidential, so the Plaintiff offered to waive confidentiality.

21. The day after the conference, the Plaintiff wrote a letter to the U.S. District Court for the District of Columbia asking that the California Bar be granted access to all records related to

the Plaintiff's disciplinary case. A copy of that letter was provided to Defendant Johns by email. On April 28, 2017, the Plaintiff emailed Defendant Johns and asked whether the California Bar would accept discipline similar to that in D.C., *i.e.*, a 120-day suspension followed by the Plaintiff's resignation from the California Bar.

22.  On May 1, 2017, Defendant Johns wrote in an email that the California Bar would accept nothing less than the Plaintiff's disbarment. As of that date, Defendant Johns had not even seen the records from D.C., which would have shown that the D.C. court's findings do not match her allegations. (As noted above, that issue is absolutely critical, because her proffered claims arise under CALIFORNIA BUSINESS & PROFESSIONS CODE §6049.1, which means the Bar can only impose discipline based on the findings of the other courts). Her insistence on exceeding the punishment imposed by Texas and D.C. – without even seeing the records from D.C. – effectively puts the lie to her claim that she seeks to disbar the Plaintiff in order to "protect the public." The California Bar was perfectly content with the reprimand imposed by Texas in 2014, but now that the Plaintiff has embarrassed the organization, it wants to disbar him.

### Claims

23.  The Plaintiff seeks injunctive relief against the Defendants under 42 U.S.C. § 1983 because the Defendants have retaliated against him for the exercise of his First Amendment rights.

24.  The Plaintiff seeks injunctive relief against the Defendants under 42 U.S.C. § 1983 because the Defendants are selectively prosecuting him in violation of his Fourteenth Amendment right to equal protection.

25.  The Plaintiff seeks injunctive relief against the Defendants under 42 U.S.C. § 1983 because the Defendants are prosecuting him in bad faith and for purposes of harassment in violation of his Fifth Amendment and Fourteenth Amendment rights to due process.

26.  The Plaintiff seeks costs, attorney fees, and any other relief to which he is legally or equitably entitled.

                        Respectfully submitted,

                        **/s/ Ty Clevenger**
                        Ty Clevenger
                        Texas Bar No. 24034380
                        21 Bennett Avenue #62
                        New York, New York 10033
                        Tel: (979) 985-5289
                        Fax: (979) 530-9523
                        *tyclevenger@yahoo.com*

                        PLAINTIFF PRO SE