VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2388
Fax: (415) 538-2321
Email:  suzanne.grandt@calbar.ca.gov

Attorneys for Defendants Gregory P. Dresser,
Stacia L. Johns, Kimberly G. Kasreliovich,
The State Bar of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY CLEVENGER<br><br>        Plaintiff,<br><br>v.<br><br>GREGORY P. DRESSER, et al.,<br><br>        Defendants. | Case No.   3:17-cv-02798-WHA<br><br>**NOTICE OF MOTION AND MOTION TO CLARIFY THE RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: July 27, 2017<br>TIME:  8:00 a.m.<br>DEPT:  Courtroom 8, 19th Floor<br>JUDGE: The Honorable William Alsup |

**NOTICE OF MOTION AND MOTION TO CLARIFY THE RECORD**

TO PLAINTIFF IN PRO PER:

**PLEASE TAKE NOTICE THAT** on Thursday, July 27, 2017, at 8:00 a.m., in the Courtroom of the Honorable William Alsup, Courtroom 8, 19th Floor, at the United States District Court, 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as this matter may be heard, Defendants Gregory P. Dresser, Stacia L. Johns, Kimberly G. Kasreliovich, The State Bar of California ("Defendants") will move this court to this clarify the record.

This Motion will be based on this Notion of Motion, the Memorandum and Points of Authorities field in support thereof, all pleadings in this action and any other documents that are now on file or that may be on file in this action at the time of hearing; and such further evidence and arguments as may be presented at the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 1, 2017, this Court entered an Order denying Plaintiff Ty Clevenger ("Plaintiff")'s Motion for a Preliminary Injunction. See Docket No. 22. The Honorable William Alsup stated during the June 1, 2017 hearing on Plaintiff's Motion that it was denied because of Defense Counsel's representations regarding discovery in State Bar Court that "Plaintiff will be able to take all the discovery necessary or that he wishes. He will have a fair opportunity in the state bar court to subpoena appropriate people to show that he's being retaliated against." *See* 06/01/2017 Hearing Transcript, at 22:12-20, attached here to as Exhibit A. A review of the transcript hearing demonstrates that Defense Counsel was not sufficiently clear in her representations regarding the process for taking discovery in State Bar Court. Consequently, the Defendants bring this Motion is to clarify the record regarding State Bar rules and procedures.

The State Bar Court is not an ordinary administrative agency and proceedings before the State Bar Court are *sui generis.* In re Rose, 22 Cal. 4th 430, 439, 993 P.2d 956, 961–62 (2000). Neither civil nor criminal in character, and the ordinary criminal procedural safeguards do not apply. Id. ("it has been repeatedly held that they are not governed by the rules of procedure governing civil or criminal litigation [citations] although such rules have been invoked by the courts when necessary to insure administrative due process. [Citation.]"). Id. The rules governing State Bar Court proceedings are State Bar Court Rules of Procedure, which have been long recognized as procedural safeguards that are "to insure that administrative due process will be observed." Van Sloten v. State Bar, 48 Cal. 3d 921, 928, 771 P.2d 1323, 1326 (1989), as modified on denial of reh'g (June 29, 1989).

Accordingly, State Bar Court rules regarding discovery are not analogous to discovery rules governing state civil and criminal proceedings. As Plaintiff's disciplinary action is being brought based on his misconduct in another jurisdiction pursuant to Business and Professions Code § 6049.1[1], State Bar Rules 5.350 *et seq.* apply ("Proceedings Based on Professional

---

[1] Bus. & Prof. Code § 6049(a) states " In any disciplinary proceeding under this chapter, a certified copy of a final order made by any court of record or any body authorized by law or by rule of court to conduct disciplinary proceedings against attorneys, of the United States or of any

1  Misconduct in Another Jurisdiction"). Business and Professions Code § 6049.1 provides for
2  expedited discovery proceedings upon receipt by the State Bar of a certified copy of a final order
3  determining that the member has been found culpable of professional misconduct in a
4  proceeding in another jurisdiction. This statute also limits the issues upon which discovery may
5  be taken to certain specified issues, "including whether the member's culpability determined in
6  the proceeding in the other jurisdiction would not warrant the imposition of discipline in the
7  State of California under the laws or rules binding upon members of the State Bar at the time the
8  member committed misconduct in such other jurisdiction." The procedures for discovery are
9  found in State Bar Court Rule 5.61, which permits subpoenas in connections with State Bar
10 disciplinary proceedings with a "prior court order" and Rule 5.66 permits additional discovery
11 "upon a motion and showing of good cause."
12       This means that Plaintiff must make a request in State Bar Court to issue subpoenas or
13 request documents concerning his constitutional claims and a State Bar Court judge will issue an
14 order granting or denying such discovery. In fact, respondents routinely raise bad faith and
15 selective prosecution defense in motions to State Bar Court during the course of proceedings,
16 and typically seek discovery to support such defenses.[2] The State Bar Court evaluates such
17 defenses and determines whether discovery should be permitted. In Matter of Aulakh, No. 92-O-
18 12971, 1997 WL 412515, at *4 (Cal. Bar Ct. June 30, 1997) (affirming State Bar Court Hearing
19 Department's denial of discovery on Respondent's selective prosecution claim because there was
20 no evidence to support such a claim); Matter of Frazier, No. 84-O-12333, 1991 WL 207109, at

---

state or territory of the United States or of the District of Columbia, determining that a member of the State Bar committed professional misconduct in such other jurisdiction shall be conclusive evidence that the member is culpable of professional misconduct in this state, subject only to the exceptions set forth in subdivision."

[2] While the California Constitution precludes State Bar Court from determining the constitutionality of a statute (see Calif. Const. art. III, § 3.5), there is no bar on its determination as to whether a Respondent's due process or other constitutional rights are being violated or whether prosecution is being brought improperly. Putman v. State Bar of CA, No. SACV 08-625-DSF CW, 2010 WL 3070435, at *5 (C.D. Cal. June 25, 2010) ("Federal constitutional rights [violations] may be asserted in [State Bar] disciplinary proceedings").

1  *4 (Cal. Bar Ct. Oct. 10, 1991) (denial of Respondent's discovery requests in State Bar Court did
2  not violate due process); Matter of Harney, No. 90-O-14277, 1995 WL 170223, at *10 (Cal. Bar
3  Ct. Apr. 4, 1995) (evaluating the merits of Respondent's selective prosecution claims).

4      Of course, the essential inquiry is not whether Plaintiff is entitled to all discovery he
5  seeks, but it is that Plaintiff has a full and fair opportunity to raise his arguments in the State Bar
6  Court, and on appeal to the California Supreme Court.  This is the basis for why federal courts
7  are prohibited from interfering with ongoing state proceedings, and why Plaintiff's Complaint
8  should be dismissed.  This argument has been fully briefed for the Court in the State Bar
9  Defendant's pending Motion to Dismiss. *See* Doc. 18.

10      In sum, if Plaintiff believes he is entitled to discovery, he must request it from State Bar
11  Court.  If State Bar Court denies his request, he must appeal to the California Supreme Court.
12  Frazier v. State Bar of California, 923 F.2d 861 (9th Cir. 1991) (affirming dismissal of plaintiff's
13  bad faith and selective prosecution claims, in which Plaintiff sought a preliminary injunction
14  after she was denied discovery in State Bar Court).  These procedures are fully consistent with
15  federal due process.  Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990).  This Court is simply
16  the wrong forum to present these arguments.  Huffman v. Pursue, Ltd., 420 U.S. 592, 603-04, 95
17  S. Ct. 1200, 43 L. Ed. 2d 482 (1975) ("interference with a state judicial proceeding prevents the
18  state not only from effectuating its substantive policies, but also from continuing to perform the
19  separate function of providing a forum competent to vindicate any constitutional objections
20  interposed against those policies. Such interference also results in duplicative legal proceedings,
21  and can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce
22  constitutional principles.").  Thus, Defense Counsel should have stated that Plaintiff will have a
23  fair opportunity to seek discovery in State Bar Court, but it will be subject to making a motion
24  and showing good cause for the discovery sought.

25  **CONCLUSION**

26      Defendants bring this Motion to ensure this Court has complete and accurate information
27  regarding State Bar Rules and procedures in order for the Court to make an informed decision on
28  Plaintiff's Motion for a Preliminary Injunction.  Based on a careful review of Defense Counsel's

1  representations and this Court's ultimate decision, Defendants believe it is necessary to clarify
2  the record. Defendants would be happy to provide additional briefing or provide the Court with
3  any further requested information.

4  Dated: June 9, 2017                          Respectfully submitted,
                                                OFFICE OF GENERAL COUNSEL
5                                               THE STATE BAR OF CALIFORNIA

6                                               By: /s/ SUZANNE C. GRANDT

7                                                   SUZANNE C. GRANDT
8                                                   Attorneys for Defendants Gregory P. Dresser,
                                                    Stacia L. Johns, Kimberly G. Kasreliovich,
9                                                   The State Bar of California

**DECLARATION OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 9, 2017, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**NOTICE OF MOTION AND MOTION TO CLARIFY THE RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy via US Mail on:

Ty Clevenger
P.O. Box 20753
Brooklyn NY  11202-0753

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on June 9, 2017.

/s/Joan Randolph
Joan Randolph

5
Notice of Motion and Motion to Clarify the Record; MPA in Support Thereof        CASE NO. 3:17-cv-02798-WHA