IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TY CLEVENGER,

    Plaintiff,

v.

GREGORY P. DRESSER, *et al.*,

    Defendants.

No. C 17-02798 WHA

**ORDER SETTING HEARING ON MOTION TO CLARIFY RECORD, CROSS-MOTION FOR DISCOVERY, AND MOTION TO DISMISS**

At the hearing on June 1 on plaintiff Ty Clevenger's motion for a temporary restraining order and preliminary injunction, Attorney Suzanne Grandt for defendant State Bar of California had this exchange with the undersigned judge (Dkt. No. 23 at 18:16–20:17):

> Ms. Grandt: Any argument [plaintiff] is making [here] he can make in state bar court. . . .
>
> The Court: Can he subpoena witnesses at the state bar?
>
> Ms. Grandt: Can he subpoena witnesses? Yes. He can do that. He can bring all these arguments in state bar court. There is no reason to be in federal court —
>
> The Court: He could subpoena in the state bar court all these people and find out if the blog post had anything to do with it?
>
> Ms. Grandt: Yes. And he can do that in state bar court if he wants to. . . .
>
> The Court: Wait. I want to make — Ms. Grandt, I want to make it very clear.

> Ms. Grandt: Yes.
>
> The Court: You're telling me that in the state bar court, he will be allowed to subpoena Mr. Dresser and all the other people that he wants to try to show that the whole thing is cooked up in retaliation for the First Amendment blog posts?
>
> Ms. Grandt: Correct. And there is case law that says his a — all his arguments are — he can bring up in state bar court. . . .
>
> The Court: He can make those arguments, and some judge is going to rule on it?
>
> Ms. Grandt: Correct.

In short, the undersigned judge asked very specifically about Attorney Grandt's representation "that plaintiff will be able to take all the discovery necessary or that he wishes [and] will have a fair opportunity in the state bar court to subpoena appropriate people to show that he's being retaliated against" (*id.* at 22:12–22:17), and relied on that representation as the main basis for denying plaintiff's motion at the time.

A week later on June 8, Attorney Robert Retana for the State Bar wrote a letter to plaintiff taking the position that "Ms. Grandt's statements regarding [his] ability to raise [his] claims in State Bar Court and take discovery are accurate" (Dkt. No. 25-4 at 1). That letter, however, admitted that, under Section 6049.1 of the California Business and Professions Code, the proceedings against plaintiff would be "limited to certain specified issues," and moreover, that he would have "a full and fair opportunity" only to "present [his] arguments for why [he is] entitled to discovery before the State Bar Court" (*id.* at 2). The letter concluded, "The California Supreme Court presents an adequate forum for consideration of your constitutional law claims should they be rejected by the State Bar Court" (*id.* at 3).

The next day, defendants filed a motion "to clarify the record regarding State Bar rules and procedures" because Attorney Grandt "was not sufficiently clear in her representations" to the undersigned judge (Dkt. No. 24 at 1). That motion "clarified" that, "if Plaintiff believes he is entitled to discovery, he must request it from State Bar Court. If State Bar Court denies his request, he must appeal to the California Supreme Court" (*id.* at 3).

The Court is troubled by the inaccuracies in Attorney Grandt's statements at the last hearing in this action, and by the apparently limiting effect of Section 6049.1 on plaintiff's ability to litigate the First Amendment issues he claims are inherent in the proceedings currently underway against him. The Court wants to call counsel back for further hearing on these and other pending matters.

Accordingly, this order treats plaintiff's pending motion for discovery (Dkt. No. 25) as a cross-motion and response to defendants' motion to clarify the record, and **VACATES** the briefing schedule for the former. Defendants may submit a reply brief supporting their motion to clarify the record and addressing plaintiff's cross-motion for discovery by **JUNE 23 AT NOON**. Plaintiff may submit a sur-reply by **JUNE 30 AT NOON**. A hearing on both the motion and the cross-motion is set for **JULY 20 AT 8:00 A.M.** The hearing on defendants' pending motion to dismiss this action is also advanced from July 27 to **JULY 20 AT 8:00 A.M.**

The Court is aware of plaintiff's request that defendants or defense counsel pay his travel expenses to attend the hearing on his cross-motion (Dkt. No. 25 at 6 n.3) and **DEFERS** ruling on this request until after the hearing, at which time reimbursement for such expenses may be considered as a possible sanction for Ms. Grandt having made inaccurate statements before the undersigned judge in the first place.

Finally, the undersigned judge also notes that Attorney Gregory Dresser, who is named as a defendant in this action, practiced with the undersigned judge at Morrison & Foerster in the 1990s. If either side wishes to move to disqualify the undersigned judge on this basis, such motion must be filed prior to the upcoming hearing date on July 20.

Except to the extent stated herein, plaintiff's motion to shorten time (Dkt. No. 26) is **DENIED**. To better manage the crossfire of motions and miscellaneous filings in this action, no further substantive motions may be filed herein without the Court's advance permission. Any party that wants to file a motion shall submit a précis not to exceed **THREE PAGES** in length (12-point font, double-spaced, with no footnotes or attachments) summarizing the key arguments from and relief sought by the proposed motion. The opposing side will then have **48 HOURS** to submit a response also not to exceed **THREE PAGES** in length (12-point font, double-spaced,

3

with no footnotes or attachments). The Court will then decide whether or not to grant permission to file the proposed motion.

**IT IS SO ORDERED.**

Dated: June 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE