IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TY CLEVENGER,

    Plaintiff,

  v.

GREGORY P. DRESSER, STACIA L. JOHNS, KIMBERLY G. KASRELIOVICH, and THE STATE BAR OF CALIFORNIA,

    Defendants.

No. C 17-02798 WHA

**ORDER GRANTING MOTION TO DISMISS**

In the opening salvo of this attorney-discipline action for injunctive relief, plaintiff Ty Clevenger, facing discipline by the State Bar of California, moved for a temporary restraining order and preliminary injunction while defendants — the State Bar and affiliated individuals — moved to dismiss (Dkt. Nos. 3, 18). A prior order denied plaintiff's motion based on certain representations made by defense counsel at the hearing on that motion (Dkt. No. 22). Defendants subsequently moved to clarify the record because counsel's representations turned out to be less than accurate (Dkt. No. 24). Another order held defendants' motions in abeyance and granted in part plaintiff's motion for discovery, allowing him to depose defendant Gregory Dresser for two hours as a result of defense counsel's misrepresentations (Dkt. No. 40).

Plaintiff used only one hour and 24 minutes of his two hours and asked numerous unreasonable questions. Having reviewed the transcript, the Court finds nothing inappropriate about the deponent's responses (*see* Dkt. No. 44-1). With the deposition completed, defendants' motion to clarify the record is **GRANTED**. This order now turns to the fully-briefed motion to dismiss, and specifically to its *Younger* abstention argument (Dkt. No. 18 at 7–9).

*Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from exercising jurisdiction where "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008) (citations omitted). An exception exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 1092 (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

In California, attorney-discipline proceedings "commence" with a notice of disciplinary charges. *Canatella v. Cal.*, 404 F.3d 1106, 1110 (9th Cir. 2005) (citation omitted); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 711 (9th Cir. 1995). Here, plaintiff filed this action after receiving only a notice of *intent to file* notice of disciplinary charges (*see* Dkt. Nos. 3-11; 18 at 10). But even if the proceeding against him had not yet "commenced" back then, it certainly appears to be "ongoing" now and headed to trial (*see* Dkt. No. 48). "*Younger* abstention applies even when the state action is not filed until after the federal action, as long as it is filed before proceedings of substance on the merits occur in federal court." *M&A Gabaee v. Cmty Redev. Agency of City of Los Angeles*, 419 F.3d 1036, 1041 (9th Cir. 2005). The closest thing to a proceeding of substance on the merits in this action occurred early on with the denial of plaintiff's motion for a temporary restraining order and preliminary injunction after a short hearing (*see* Dkt. Nos. 22–23). Neither that proceeding, nor any since, sufficed to defeat *Younger* abstention here. *See Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987). Plaintiff's authorities to the contrary are inapposite (*see* Dkt. No. 28 at 4). *See Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) ("A federal court action in which a preliminary injunction is granted has proceeded well beyond the 'embryonic stage.'"); *Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350–51 (9th Cir. 1985) (an "extended evidentiary hearing on the question of a preliminary injunction constituted a substantive proceeding on the merits"). The first requirement for *Younger* abstention is met here.

Our court of appeals has held that California's attorney-discipline proceedings implicate important state interests and provide an adequate opportunity to litigate federal constitutional claims because of the availability of discretionary judicial review. *See Hirsh*, 67 F.3d at 712–13. Plaintiff nevertheless insists "abstention is improper" because he "will have no opportunity to present his claims," again citing inapposite decisions (*see* Dkt. No. 28 at 4). *See Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 224–25 (9th Cir. 1994) (the appellants were not procedurally barred from raising constitutional arguments in state courts even if state courts had already rejected those arguments); *Meredith v. Oregon*, 321 F.3d 807, 818–20 (9th Cir. 2003) (Oregon law did not provide options for "timely" adjudication of the plaintiff's federal claims). Under binding precedent, plaintiff is wrong. The second and third requirements for *Younger* abstention are also met here. Since plaintiff brought this action for the sole purpose of enjoining the disciplinary proceeding against him, the fourth and final requirement for *Younger* abstention is met as well (*see* Dkt. No. 1 ¶¶ 23–26).

Plaintiff also cites *Privitera v. California Board of Medical Quality Assurance*, 926 F.2d 890 (9th Cir. 1991), and *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir. 1981), for the proposition that *Younger* abstention does not apply to "injunctive relief for First Amendment retaliation and selective prosecution" (Dkt. No. 28 at 4). Neither decision supports plaintiff's position here.

In *Privitera*, which challenged a medical license revocation proceeding against the plaintiff physician, the district court declined to dismiss the action based on *Younger* abstention because the plaintiff had "made a sufficient showing of bad faith or harassment to invoke the exception" to *Younger* but nevertheless denied a preliminary injunction, dismissed pendent claims, and stayed the federal action pending resolution of the state claims. 926 F.2d at 892, 894. Our court of appeals, reviewing only the stay order and the denial of a preliminary injunction, had no occasion to examine the application of *Younger* abstention to First Amendment retaliation and selective prosecution claims, much less endorse the sweeping proposition plaintiff asserts here. *See id.* at 896, 898.

In *Fitzgerald*, a non-binding decision, the district court found that a state prosecution against the plaintiffs had been "brought for the purposes of harassment and retaliation and

3

would not have been brought but for the improper influence exerted on the prosecutor by certain [county] judges to seek the indictments" after the plaintiffs exercised their First Amendment rights by criticizing certain county officials. 636 F.2d at 944–45. The Fifth Circuit concluded this finding was not clearly erroneous and consequently affirmed the district court's injunction of the state prosecution. *Ibid.* Like *Privitera*, *Fitzgerald* merely applied the general principle that a "showing of bad faith, harassment, or some other extraordinary circumstance" would make *Younger* abstention inappropriate. *See City of San Jose*, 546 F.3d at 1092 (quotation and citation omitted). It does not support plaintiff's theory that allegations of First Amendment retaliation or selective prosecution have some talismanic immunity against *Younger* abstention.

This order finds that plaintiff has not shown "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate" based on the evidentiary record here. *See ibid.* Even when given an extra opportunity to make that showing by taking a deposition of his choosing (*see* Dkt. No. 41 at 8:6–8), plaintiff squandered that opportunity and failed to improve the evidentiary record in his favor. It is time for him to return to state court, where this controversy concerning the disciplinary proceeding against him belongs. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies . . . dismissal (and only dismissal) is appropriate."). This Court expresses no opinion on the merits of that disciplinary proceeding. Counsel shall not argue otherwise based on anything in this order or in the history of this action.

For the foregoing reasons, this action is **DISMISSED**. Plaintiff's pending requests to file an updated motion for a temporary restraining order or preliminary injunction (Dkt. No. 46) and to file a motion to amend the complaint (Dkt. No. 49) are **DENIED AS MOOT**. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: October 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4